

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00245-CR

_____

STEVEN EDWARD BOYD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 24,143-A; Honorable Dan Schaap, Presiding

August 22, 2014

## ORDER ON MOTION FOR REHEARING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

By opinion and judgment dated August 1, 2014, this Court dismissed the appeal of Appellant, Steven Edward Boyd, based on the *Trial Court's Certification of Defendant's Right to Appeal*. On August 7, 2014, Appellant filed a *pro se* "*Notice of Appeal—Suppression Hearing*" in this Court. Appellant also filed a motion for the appointment of counsel on appeal and a motion for a reporter's record of the suppression hearing. In the interest of justice, we construe Appellant's notice as a

timely filed motion for rehearing wherein Appellant maintains he has the right to appeal the trial court's ruling on a suppression hearing. Remaining convinced our original disposition was correct, we deny the motion for rehearing with these additional comments.

According to the limited documents before this Court, Appellant and the State entered into a plea-bargain wherein he agreed to enter a plea of guilty to the offense of robbery in exchange for a recommended sentence of 30 years and dismissal of another charge pending in trial court cause number 24,142-A. On June 17, 2014, the trial court accepted Appellant's plea and imposed sentence in accordance with that agreement. In a plea-bargain case, a defendant retains the right to appeal matters that have been raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). A pretrial ruling on a motion to suppress is ordinarily one of those matters that may be appealed after sentencing in a plea-bargain case.

Here, the *Trial Court's Certification of Defendant's Right of Appeal* reflects that, not only is this is a plea-bargain case, Appellant also waived his right of appeal. On June 18, 2014, Appellant filed a signed waiver, also executed by Appellant's trial attorney, which provides that:

> after having been sentenced or punished by the Court in accordance with the terms of my plea bargain agreement with the State, and being fully aware of the sentence or punishment imposed . . . and after having been fully informed by the Court of my right to appeal (including my right to have counsel appointed by the Court to represent me on appeal . . . and my right to have the Court furnish the appellate record without charge or expense to me . . .), [I] do hereby voluntarily, knowingly, and intelligently waive my right to appeal.

2

A waiver of appeal made after sentence is imposed is sufficient to prevent a defendant from appealing, absent the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003); *Jamison v. State*, No. 01-13-00360-CR, 2014 Tex. App. LEXIS 3734, *2 (Tex. App.—Houston [1st Dist.] April 8, 2014, no pet.)(mem. op., not designated for publication).

Because Appellant waived his right to appeal after sentence was imposed, he has no right of appeal pertaining to the trial court's pretrial ruling on his motion to suppress. Without a certification showing Appellant received the trial court's permission to appeal, his appeal must be dismissed. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Accordingly, Appellant's motion for rehearing is denied. His motions for appointment of counsel and a reporter's record of the suppression hearing are rendered moot.

Patrick A. Pirtle
Justice

Do not publish.

3